UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JASON JUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV422-282 |
| ) | |
| MATTHEW WHELAN, and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendant Matthew Whelan's Motion to Dismiss is pending before the District Judge.  Doc. 9.  He also filed an unopposed[1] "Motion to Stay Discovery and FRCP 26 Obligations" pending disposition of the Motion to Dismiss.  Doc. 10.  For the following reasons, the unopposed Motion to Stay is **GRANTED**.  Doc. 10.

A court has "broad discretion" in determining whether to grant a stay of discovery.  *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017).  The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal

---

[1] After Defendant filed the Motion to Stay, Plaintiff Jason Jue filed a response indicating that he does not oppose the stay request.  Doc. 15.

sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a preliminary peek . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n. 2 (S.D. Ga. Jan. 6, 2017) (internal quotations omitted) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)).  "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6 (internal citations and quotations omitted).  "A request

to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

Plaintiff does not oppose the Motion to Stay, doc. 15, and he does not indicate that he would be prejudiced by a stay. Additionally, although the Motion to Dismiss remains pending before the District Judge, the preliminary review required reveals that it is not meritless on its face. *See* doc. 9; *see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss is not "meritless on its face"). Additionally, a ruling on the Motion to Dismiss could be case-dispositive. *See* doc. 9 at 1 (seeking dismissal of "all claims"). On balance, then, a stay is appropriate.

Defendant's unopposed Motion to Stay is **GRANTED**, doc. 10, and all deadlines in this case are **STAYED**. The Clerk is **DIRECTED** to lift the stay when the District Judge disposes of the Motion to Dismiss, doc. 9. If this case remains pending after the disposition of the Motion to Dismiss, the parties are **DIRECTED** to confer and file a Rule 26(f)

Report within 14 days from the date of the District Judge's disposition, unless otherwise instructed.

**SO ORDERED**, this 9th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA